# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES "JAMIL" GARRET, | CASE NO.    1:10-cv-00779-GBC (PC) |
| Plaintiff, | AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 9) |
| T. BILLINGS, et al., | |
| Defendants. | SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____/ | |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff James "Jamil" Garrett ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation, and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 3, 2010 and consented to Magistrate Judge jurisdiction on May 12, 2010. (ECF Nos. 1 & 7.) No other parties have appeared.  Plaintiff's Complaint is now before this Court for screening.

1

1
2
For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

3
4
## II.   SCREENING REQUIREMENTS

5
6
7
8
9
10
11
12
13
14
The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

15
16
17
18
19
20
21
22
23
A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

24
/////

25
//////

26
27

2

### III.    SUMMARY AND ANALYSIS

Plaintiff appears to be offering the Court a status report of the complained of conduct in the prison relating to the allegations in the original Complaint.  Plaintiff states that this Amended Complaint should relate back to the original Complaint pursuant to Rule 15(a) and (c).  However, Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In his Amended Complaint, Plaintiff gives status updates as to the recent happenings regarding his claims.  He does not state any cognizable claims in the Amended Complaint.  Plaintiff's reliance on relation back pursuant to Rule 15(c) is incorrect.  In his Second Amended Complaint, Plaintiff must keep in mind Local Rule 220.  Plaintiff must include all allegations together in the Second Amended Complaint to attempt to state a cognizable claim.

### IV.    CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his

3

constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual

matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting

Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally

participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new defendants or claims.  Plaintiff should focus the

amended complaint on claims and defendants relating solely to issues arising out of the

incidents alleged.

Again, Plaintiff is advised that Local Rule 220 requires that an amended complaint

be complete in itself without reference to any prior pleading.  The amended complaint

should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate

case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's Amended Complaint is dismissed for failure to state a claim, with

leave to file an amended complaint within thirty (30) days from the date of

service of this order;

2.     Plaintiff shall caption the amended complaint "Second Amended Complaint"

and refer to the case number 1:10-cv-770-GBC (PC); and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for

failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   April 15, 2011   

UNITED STATES MAGISTRATE JUDGE

4