UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES "JAMIL" GARRET,<br><br>  Plaintiff,<br>  v.<br><br>T. BILLINGS, et al.,<br><br>  Defendants. | CASE NO.   1:10-cv-00779-GBC (PC)<br><br>AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 15)<br><br>THIRD AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff James "Jamil" Garrett ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation, and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 3, 2010 and consented to Magistrate Judge jurisdiction on May 12, 2010.  (ECF Nos. 1 & 7.)  Plaintiff then filed a First Amended Complaint on January 4, 2011, which was dismissed for failure to state a claim. (ECF Nos. 9 & 12.)  No other parties have appeared.

1

Plaintiff filed his Second Amended Complaint May 20, 2011.  (ECF No. 15.)  This Second Amended Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II.     SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

///

2

### III. SUMMARY OF COMPLAINT

Plaintiff alleges violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiff names the following individuals as Defendants: T. Billings, Lt. Myers, California Department of Corrections, and Mr. McGhee.

Plaintiff alleges as follows: Plaintiff states that the Muslim community, himself included, was denied access to the multipurpose chapel. Plaintiff states that he was also denied four ounces of oil for use in his religion.

Plaintiff seeks a Court order requiring the California Department of Corrections hire a Muslim chaplain and allowing the Muslim community regular access to the multipurpose chapel.

### IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

#### A. Religious Claims

Plaintiff alleges violations of his religious exercise rights under both the First Amendment and RLUIPA.

3

An institutionalized person may bring a claim for violation of his religious rights under the RLUIPA, 42 U.S.C. §§ 2000cc–2000cc–5, and/or the First Amendment.

To state a First Amendment free exercise claim, a plaintiff must allege that a defendant substantially burdened his religious practice without a justification reasonably-related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008); Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005) (citing Thomas v. Review Bd. of the Ind. Employment Sec. Div., 450 U.S. 707, 717–18 (1981) (pressure on exercise must be substantial)); Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998). "In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (citing Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

RLUIPA provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a).

Under RLUIPA, a plaintiff "bears the initial burden of going forward with evidence to demonstrate a prima facie claim that the challenged state action constitutes a substantial burden on the exercise of his religious beliefs." Warsoldier, 418 F.3d at 994 (citing Cutter v. Wilkinson, 544 U.S. 709, 716 (2005)). "[A] burden is substantial under

4

RLUIPA when the state denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. 2008) (internal quotes omitted).  A prison's "accommodation of religious observances" should not be elevated "over an institution's need to maintain order and safety." Cutter, 544 U.S. at 722.  On the contrary, "an accommodation must be measured so that it does not override other significant interests." Id.  Furthermore, "prison security is a compelling state interest, and . . . deference is due to institutional officials' expertise in this area." Id. at 725 fn. 13.

RLUIPA provides greater protection than the First Amendment by protecting activities that an offender sincerely believes are central to his religion, rather than just those activities which are central to his religion as determined by the tenets of that religion. A policy which passes constitutional scrutiny may not pass scrutiny under RLUIPA, however, if a policy survives the RLUIPA analysis, it survives the First Amendment analysis.

    1.    First Amendment

Plaintiff alleges that he was not allowed to have four ounces of oil per quarter. Plaintiff states that at other facilities four ounces is allowed, but that, at Pleasant Valley, he was only allowed two ounces per quarter.  Plaintiff alleges that two ounces is an inadequate amount for his religious practice.  In attachments to his Complaint, Plaintiff states that the increased amount is needed to "follow the dictates of [his] holy book." (ECF No. 15, p. 23; Pl.'s 2nd Am. Compl. ex. C.)  He goes on to note that a practicing Muslim prays five time per day, and that some Muslims do extra prayers.  The oil must be applied each time a Muslim washes the oil off of their bodies.  Plaintiff states that considering the

5

number of times a Muslim prays, the amount of oil allowed by the prison is inadequate.

Plaintiff fails to state a claim for the oil. To state a claim under the First Amendment, Plaintiff must demonstrate a substantial burden on his religious practice. Plaintiff fails to do this. He does not state that he has ever run out of oil, or been unable to practice because of a lack of oil. Plaintiff does not state that his ability to exercise his religion is being impermissibly infringed upon. Therefore, Plaintiff has failed to state a viable First Amendment claim and this claim is dismissed with leave to amend.

2.    RLUIPA

Again, Plaintiff fails to state a claim for the oil under RLUIPA. To state a claim under RLUIP, Plaintiff must demonstrate that the policy imposes a substantial burden on the practice of his religion. Again, he does not demonstrate a substantial burden. He does not state that the amount of oil currently allowed has inhibited his religious practice or effected his religion in any way. He just states that at his previous institution he was allowed to order more than he is currently allowed to order. This statement alone does not demonstrate a substantial burden on his religion. Therefore, Plaintiff fails to state a claim, and this claim will be dismissed. Plaintiff will be given an opportunity to amend and attempt to state a claim.

3.    Equal Protection

It appears to the Court that Plaintiff's argument of chapel access may be better analyzed as a violation of the Equal Protection Clause of the Fourteenth Amendment, which directs that all similarly situated persons be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).

A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)). To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Freeman, 125 F.3d at 737, overruled in part on other grounds by Shakur, 514 F.3d at 884-85.

Here, Plaintiff states that other religious communities are provided regular access to the multipurpose chapel. However, Plaintiff does not state what other religions are given access, who gives or denies access, nor does he demonstrate that the denial is based on religion. As currently pleaded, Plaintiff's conclusory statement falls short of supporting a plausible equal protection claim against Defendants. Therefore, this claim is dismissed. Plaintiff will be given one additional opportunity to amend this claim.

**B.    Personal Participation and Supervisory Liability**

Plaintiff does not include any of the named Defendants in the statement of the case. Plaintiff could be arguing that some of these Defendants are liable for the conduct of his or her subordinates as they were not present and did not participate in the complained of conduct as currently described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930,

7

934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004).  In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892.  The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights.  Wesley, 333 F.Supp.2d at 892 (internal quotations omitted).  However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.  Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability.  Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).  Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury.

Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However, "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, ___ F.3d ___, 2011 WL 477094, *4 (9th Cir. Feb. 11, 2011).

Plaintiff has not alleged facts demonstrating that any of the named Defendants personally acted to violate his rights. Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given one additional opportunity to file an amended complaint curing the deficiencies in this respect.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it

9

is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the issues described herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:10-cv-779-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   May 25, 2011

UNITED STATES MAGISTRATE JUDGE