# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES "JAMIL" GARRETT,<br><br>    Plaintiff,<br>    v.<br><br>T. BILLINGS, et al.,<br><br>    Defendants.<br>_____ / | 1:10-cv-00779-GBC (PC)<br><br>ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING THIS ACTION<br><br>(ECF No. 18)<br><br>CLERK TO CLOSE CASE |

**ORDER**

**I.   Background**

James "Jamil" Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 3, 2010, Plaintiff filed his original complaint. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction on May 12, 2010. (ECF No. 7.) Plaintiff then filed his First Amended Complaint on January 4, 2011, which was dismissed for failure to state a claim. (ECF Nos. 9 & 12.) Plaintiff filed his Second Amended Complaint on May 20, 2011, and it was also dismissed for failure to state a claim. (ECF Nos. 16 & 17.) Plaintiff has not yet filed a Third Amended Complaint. No other parties have appeared.

On June 2, 2011, Plaintiff filed a pleading titled "Request for Information as to the Receipt of Filings and Notice of Exhaustion". (ECF No. 18.) This pleading appears to ask the clerk whether his Second Amended Complaint was received. As noted above, it was filed on May 20, 2011, and screened and dismissed on May 26, 2011. (ECF Nos. 16 &

17.)

Also included in Plaintiff's pleading is a declaration to which he has attached the Director's Level Appeal Decision which is addressed below.

**II.      Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).  A prisoner is not allowed to file a complaint addressing non-exhausted claims, even if exhaustion of administrative remedies occurs while his case is pending.  McKinney, 311 R.3d 1198, 1199 (9th Cir. 2002); Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue."  Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); see also Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).  A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal

level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy Section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).

### III.  Analysis

Included in Plaintiff's pleading filed on June 2, 2011 is a document that appears to be the Director's Level Appeal Decision related to the claims alleged by Plaintiff in this case. The Director's Decision is dated May 17, 2011. Plaintiff states that he received it on May 23, 2011. The Director's Level Appeal Decision appears to exhaust Plaintiff's administrative remedies in this case.

Plaintiff filed this action on May 3, 2010 (ECF No. 1), well before he exhausted his administrative remedies. As noted above, a prisoner must exhaust all available administrative remedies before filing an action with this court. Plaintiff did not do this. And, the fact that exhaustion was completed during the action, does not satisfy the PLRA's exhaustion requirement.

Therefore, Plaintiff's action is dismissed without prejudice for failure to exhaust administrative remedies.

///
//
/
//
///
//

### IV. Conclusion and Order

For the foregoing reasons, the Court HEREBY ORDERS that:

1. Plaintiff's action be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies prior to filing his complaint; and
2. Clerk shall CLOSE the case.

IT IS SO ORDERED.

Dated:   June 14, 2011

UNITED STATES MAGISTRATE JUDGE