UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JAMIL GARRETT, | CASE NO. 1:10-cv-00779-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 21) |
| MYERS, et al., | |
| Defendant. | |

**ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff James Jamil Garrett is a state prisoner who proceeded pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

On June 15, 2011, the Court issued an Order dismissing Plaintiff's Complaint without prejudice for failure to exhaust administrative remedies prior to filing suit. (ECF No. 19.)  Pending before the Court now is Plaintiff's Motion for Reconsideration filed on July 11, 2011.  (ECF No. 21.)

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury

and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

### III. ANALYSIS

This action proceeded on Plaintiff's Second Amended Complaint which alleged unequal time in a multipurpose chapel and insufficient amounts of religious oil allowed.

Plaintiff states that filing another action has placed a substantial burden on the Muslim community. Plaintiff points out that he does not have an affirmative duty to plead exhaustion. Plaintiff states that the delay in receiving a final decision at the Director's Level should excuse his failure to exhaust prior to filing this action.

First, the Court notes that the Muslim community is not a party to this proceeding. Second, the Court notes that this action was dismissed without prejudice and Plaintiff is free to file the same complaint again. Third, Plaintiff is correct in his argument that he does not have an affirmative duty to plead exhaustion. However, the Court may disregard factual allegations that are contradicted by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Plaintiff included the grievances he filed in relation to the multipurpose chapel and religious oil attached to many of his filings including the pending Motion for Reconsideration.

As to Plaintiff's delay argument, the Court finds it unpersuasive. Plaintiff filed a 602

Case 1:10-cv-00779-GBC   Document 22   Filed 07/19/11   Page 3 of 3

grievance related to not receiving time in the multipurpose chapel to conduct religious services on April 18, 2010. (ECF No. 1, pp. 13-15.) Plaintiff filed a 602 grievance related to the oil on October 28, 2010. (ECF No. 18, pp. 41-42.) Plaintiff originally filed this action on May 3, 2010. (ECF No. 1.)

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to satisfy Section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006).Plaintiff's argument that he should be excused due to prison officials' delayed response is meritless. Plaintiff filed this action days after filing a grievance about the multipurpose room. Furthermore, Plaintiff filed a grievance about the oil months after filing this action. Plaintiff did not even attempt to allow the grievance procedure to be exhausted. Thus, this action must be dismissed.

## IV.  CONCLUSION AND ORDER

Because Plaintiff did not meet his burden as the party moving for reconsideration, his motion is HEREBY DENIED. No further filings will be accepted in this closed case.

IT IS SO ORDERED.

Dated:   July 19, 2011

UNITED STATES MAGISTRATE JUDGE

3